IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                No. CR 09-3207 JB

ANTHONY MIRABAL,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Appeal of Order of Detention, filed November 11, 2009 (Doc. 28). The Court held a hearing on November 17, 2009. The primary issues are: (i) whether Defendant Anthony Mirabal is a flight risk; (ii) whether Mirabal poses a danger to the community; and (iii) whether there is a condition or a combination of conditions that eliminates any flight risk or danger to the community, or mitigates these concerns to acceptable levels. Because the United States has not shown, by clear-and-convincing evidence, that Mirabal is a danger to the community, and has not shown, by a preponderance of the evidence, that Mirabal is a flight risk, the Court will grant the appeal and vacate the Magistrate Judge's detention order.

## FACTUAL BACKGROUND

Mirabal is twenty-eight years old. In 1986, Mirabal moved to Albuquerque, New Mexico and resided at the same location for approximately seventeen years. He has moved only once since he moved to New Mexico, and has resided at his current address for approximately six years. Mirabal has a family, including three small children -- ages one, four, and six. Much of Mirabal's family, including his mother, brother, and long-term girlfriend, also reside in Albuquerque.

Mirabal went to high school in Albuquerque and graduated in 1999. Although he is not employed at the moment, he has had jobs in Albuquerque fairly consistently since he graduated from high school. He also has a commercial drivers license from Rocky Mountain Truck Driving Academy, and thus is qualified for a number of jobs. Mirabal has some criminal history, but the only convictions occurred while Mirabal was still a minor.

On or about October 15, 2009, officers with the Albuquerque Police Department arrested Mirabal and two other defendants -- Kevin Garner and David Aguilar – in the course of a buy-and-bust operation. The officers recovered approximately two kilograms of cocaine. At the time of the arrest, Mirabal was in possession of a handgun. He was charged the following day with federal narcotics and firearms offenses.

## PROCEDURAL BACKGROUND

Mirabal is charged, along with the two other Defendants, with distribution of a controlled substance in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. § 924(c). Pre-Trial Services recommended favorable conditions of release. The Honorable Don J. Svet, United States Magistrate Judge, held an evidentiary detention hearing on October 16, 2009. At the hearing, Special Agent Michael Talbert testified, and all counsel examined or cross examined Talbert. All parties also made proffers.

Judge Svet entered an Order of Detention on October 19, 2009. See Detention Order Pending Trial at 2, filed October 19, 2009 (Doc. 15). Judge Svet found only that Mirabal was a danger to the community, based on the quantity of drugs recovered and the presence of a gun during the commission of the crime. See id. He did not find that Mirabal was a flight risk. See id. Judge Svet released Aguilar to the halfway house with conditions. As to Garner, on the other hand, Judge Svet found that the quantity of drugs found in this case and the presence of the gun established by

clear-and-convincing evidence that Garner was a danger to the community. Judge Svet thus remanded Garner to the United States Marshal's custody. On November 9, 2009, the Court vacated Judge Svet's detention order and released Garner, on conditions, to a halfway house. See Memorandum Opinion and Order at 4, filed November 9, 2009 (Doc. 33)("Garner MOO").

Mirabal continues to be held without bond in custody at the Sandoval County Detention Center. See Motion at 1. Based on the relief that Mirabal seeks in his Appeal, he assumed that the Assistant United States Attorney, James R.W. Braun, would not concur in the relief sought. See id. at 2. Mirabal requests that the Court vacate the Order of Detention, release Mirabal on his own recognizance, set unsecured bond, and release Mirabal with electronic monitoring. See id.

The United States filed no response to Mirabal's appeal. At the hearing, however, John Anderson, Assistant United States Attorney, informed the Court that the United States opposes the motion because Mirabal is a danger to the community. See Transcript of Hearing at 4:11-23, 6:2-18 (taken November 17, 2009)(Anderson)("Tr.").[1] Mr. Anderson conceded that the United States does not challenge the motion on the ground that Mirabal is a flight risk. See Tr. at 6:4-5 (Anderson). On the other hand, Mr. Anderson indicated that, while the United States opposed the motion insofar as it sought release of Mirabal to a third-party custodian, the United States does not oppose releasing Mirabal to the custody the La Posada Halfway House. See Tr. at 6:8-13 (Anderson).

**LAW ON DETENTION AWAITING TRIAL**

A court generally cannot detain an accused unless there is no condition or combination of conditions that will reasonably assure the appearance of the person as required, and the safety of any other person and the community. See 18 U.S.C. § 3142(b). The United States bears the burden of

---

[1] The Court's citation to the transcript refers to the court reporter's original, unedited version. The final transcript may contain slightly different page and/or line numbers.

showing that the defendant is either a flight risk or a danger to the community.  The United States must establish dangerousness by clear-and-convincing evidence.  See 18 U.S.C. § 3142(f)(2)(B) ("The facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.").  The United States must establish risk-of-flight by a preponderance of the evidence.  See United States v. Cisneros, 328 F.3d at 610, 612 (10th Cir. 2003).

Section 3142 of Title 18 of the United States Code contains a non-exhaustive list of the conditions that the Court may impose -- individually or in combination -- to attempt to ensure that the defendant will not flee or pose a danger to the community.  See 18 U.S.C. §§ 3142(c)(A), (B).  Pursuant to that section, the Court may condition a defendant's release on his or her "execut[ing] an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as reasonably necessary to assure the appearance of the person as required . . . ."  18 U.S.C. § 3142(c)(B)(xi).  The Court may also require the defendant, as a condition of release, to "execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required . . . ."  18 U.S.C. § 3142(c)(B)(xii).  See United States v. Frye, 202 Fed. Appx. 308, 309 (10th Cir. 2006)(accepting without question a magistrate judge's initial release conditions 10 % of a $75,000 bond and electronic monitoring).

## ANALYSIS

In his motion, Mirabal requests that the Court vacate the Order of Detention which Judge Svet entered, and release him with the limited conditions of an unsecured bond and an electronic monitoring system.  See Motion at 2.  The United States opposes Mirabal's release to a third-party

custodian, because Mirabal is a danger to the community, but does not oppose releasing Mirabal to a halfway house like La Posada. See Tr. at 6:2-14 (Anderson). Because the Court finds that it can provide conditions that sufficiently mitigate any threat to the community posed by releasing Mirabal pending trial, the Court grants in part and denies in part Mirabal's motion.

**I.  MIRABAL DOES NOT PRESENT A FLIGHT RISK.**

Mirabal's history shows no inclination to be a flight risk. The Pretrial Services Report provided by the United States Probation Office disclosed that Mirabal has lived in New Mexico for over twenty years, since he was approximately six years old. He spent the first seventeen of those years at the same address, and has lived as his current address for approximately six years. His girlfriend, whom he has been with for approximately sixteen years, his mother, and one of his brothers are all Albuquerque residents, with whom he has contact on a daily basis. He also has three children, ages one, four, and six. Mirabal graduated from high school in Albuquerque in 1999 and has been employed fairly consistently here in Albuquerque since that time. Mirabal has a commercial drivers license, and Leon Encinias, Mirabal's attorney, informed the Court during the hearing that Mirabal will have a job at a five-star towing company if released. See Tr. at 2:24-25 (Encinias).[2] Mirabal has no history of foreign travel and no passport. See id. at 3:6-7 (Encinias). In fact, the only indication of Mirabal's tendency to be a flight risk was that he allegedly attempted to flee the scene at the time of his arrest for the crime for which he is to stand trial. Furthermore,

---

[2] The transcript of the hearing reflects that Encinias referred to the towing company as "five star towing." See Tr. at 2:24-25 (Encinias)("He has a job if released with five star towing and I've verified that."). The Court has been unable to find a towing company called "Five Star Towing." The Court, however, notes that five stars is a rating that a number of Albuquerque towing companies have attained. Regardless whether the problem lies with a minor misstatement of counsel, a minor transcription error, or the company not being listed in the Court's telephone book, the Court will accept counsel's representation that Mirabal will have a job at a towing company when he is released to La Posada.

Judge Svet did not find that Mirabal is a flight risk, and the United States concedes that he is not. See Tr. at 6:4-5 (Anderson). The Court therefore finds that the United States has not shown by a preponderance of the evidence that Mirabal is a flight risk, and the Court will not deny Mirabal's appeal on this basis.

## II.     THE UNITED STATES HAS NOT SHOWN, BY CLEAR-AND-CONVINCING EVIDENCE, THAT MIRABAL PRESENTS A DANGER TO THE PUBLIC OR TO ANY SPECIFIC INDIVIDUAL WHICH RELEASE CONDITIONS CANNOT MITIGATE TO AN ACCEPTABLE LEVEL.

Mirabal contends that his history clearly shows no inclination to be a danger. In support of this contention, he points to his lack of prior felony convictions and his status as a "family man." Motion at 1; Tr. at 2:14-4:8 (Encinias). Judge Svet found otherwise during the initial detention hearing, and concluded that, based on the presence of a gun during the commission of the crime and the quantity of drugs at issue, Mirabal presented a danger to the community if released. See Detention Order Pending Trial at 2. The United States added that, although the Orders of Detention were general as to who had the firearm and the initial criminal complaint wrongly accused Aguilar of being in possession of the firearm, it was Mirabal that had the gun during the narcotics transaction with which all three Defendants are charged. See Tr. at 4:16-5:16 (Court, Anderson). Thus, it appears that Mirabal had both the drugs and a gun during the transaction.

The Court finds that clear-and-convincing evidence establishes that Mirabal presents a significant danger to the community. On the other hand, the Court believes that a combination of conditions on Mirabal's release will mitigate the danger to the community to an acceptable level. The Court finds – and the United States agrees -- that Mirabal's situation is not materially distinguishable from that of his co-defendant, Garner. See Memorandum Opinion and Order, filed November 9, 2009 (Doc. 33); Tr. at 6:10-15 (Anderson)("[T]he United States would not object to

placing [Mirabal] at a facility such as La Posada that would allow Mr. Mirabal to be gainfully employed . . . ."). The Court finds that, with the same conditions that the Court placed on Garner in its November 9, 2009 Memorandum Opinion and Order, and the additional conditions that Mirabal have no contact with Garner at La Posada and that Mirabal post a $10,000.00 bond, with at least ten percent as a down payment, see 18 U.S.C. §§ 3142(c)(B)(xi), (xii), Mirabal's danger to community will be mitigated to an acceptable level.

**IT IS ORDERED** that the Appeal of Order of Detention is granted in part and denied in part. The Court grants the motion to the extent that it vacates Magistrate Judge Svet's detention order. Rather than being released to a third-party custodian, however, Defendant Anthony Mirabal is released on conditions to the La Posada Halfway House. The Court further holds that Mirabal will be required to post a secured $10,000.00 bond for his release, with at least ten percent down.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
Norman Cairns
John C. Anderson
  Assistant United States Attorneys
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Leon Encinias
Albuquerque, New Mexico

    *Attorney for Defendant Anthony Mirabal*