IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                      No. CR 09-3207 JB

ANTHONY MIRABAL,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Motion for Release from Custody, filed January 25, 2010 (Doc. 55). The Court held a hearing on February 10, 2010. The primary issues are: (i) whether the Court should review the Memorandum Opinion and Order setting forth the conditions on which it released Defendant Anthony Mirabal pretrial, entered on November 19, 2009 (Doc. 46); and (ii) whether the Court should modify Mirabal's current conditions of release. The Court will grant Mirabal's request to review the conditions in the release order, but because the Court is not convinced that his proposed third-party custodians will be able to mitigate his continuing danger to the community, the Court will deny his request to modify conditions.

## FACTUAL BACKGROUND

On or about October 15, 2009, law-enforcement officers from the Region I Narcotics Task Force arranged for a controlled purchase of two kilograms of cocaine from Mirabal. Along with his two co-Defendants, Kevin Garner and David Aguilar, Mirabal arrived at a residence located at 603 Smith Street, S.E., in Albuquerque, New Mexico to complete the sale. Upon seeing the cocaine, an undercover officer gave the arrest signal, and Mirabal and his co-Defendants were arrested.

The officers recovered approximately two kilograms of cocaine in the bust. At the time of

his arrest, Mirabal was found to be in possession of a loaded Smith & Wesson 9mm handgun. The following day, he was charged with federal narcotics and firearms offenses. Mirabal was living with his girlfriend at the time he allegedly committed these crimes.

## **PROCEDURAL BACKGROUND**

Mirabal is charged, along with the two other Defendants, with distribution of a controlled substance in violation of 21 U.S.C. §§ 841, 846, and 18 U.S.C. § 924(c). Pre-Trial Services recommended favorable conditions of release. The Honorable Don J. Svet, United States Magistrate Judge, held an evidentiary detention hearing on October 16, 2009. At the hearing, Special Agent Michael Talbert testified, and all counsel examined or cross examined Talbert. All parties also made proffers. Judge Svet entered an Order of Detention on October 19, 2009. See Detention Order Pending Trial at 2, filed October 19, 2009 (Doc. 15). Judge Svet found only that Mirabal was a danger to the community, based on the quantity of drugs recovered and the presence of a gun during the commission of the crime. See id. He did not find that Mirabal was a flight risk. See id.

On November 17, 2009, at the hearing on appeal from the order of detention, the Court found that: (i) Mirabal was not a flight risk; (ii) the United States had proved, by clear-and-convincing evidence, that Mirabal "presented a significant danger to the community," Memorandum Opinion and Order at 6, filed November 19, 2009 (Doc. 46); and (iii) such "danger to [the] community will be mitigated to an acceptable level" by, among other things, releasing Mirabal to the third-party custody of La Posada Halfway House and having Mirabal post a surety bond in the amount of $10,000.00, see Memorandum Opinion and Order at 7. Accordingly, Mirabal was held on $10,000.00 surety bond and is released on third-party custody to La Posada Halfway House. Mirabal has had no violations of his conditions of release since November 19, 2009. Mirabal has been working at Little Caesar's Pizza, and Mirabal contends that, if released, he has other job

prospects.

Based on the relief that Mirabal seeks in his motion, Mirabal assumed that Assistant United States Attorney, John Anderson, does not concur in the relief sought. See Motion ¶ 7, at 2. Mirabal requests that the Court review the order of detention that it entered on November 19, 2009 and to release him to third-party custody with electronic monitoring. See id. at 2. The Court has spoken with Mirabal's probation officer, and the United States Probation Office ("USPO") does not oppose the relief that Mirabal seeks, so long as Mirabal is released to the custody of his mother. See id. ¶ 6, at 2; Transcript of Hearing at 5:17-6:8 (taken February 10, 2010)(Court, Day, Encinias)("Tr.").[1]

On February 5, 2010, the United States filed its response to Mirabal's motion. See United States' Response to Defendant Anthony Mirabal's Motion for Release from Custody, filed February 5, 2010 (Doc. 61)("Response"). In the response, the United States indicates that it opposes Mirabal's requested release into third-party custody. See Response at 3. The United States agrees that Mirabal is not a flight risk, see id. at 1-2, but believes that Mirabal is still a danger to the community because, "[i]f released, there is a significant possibility that Mr. Mirabal would resume [illegal] activities," id. at 2. The United States asserts that putting Mirabal in the third-party custody of his girlfriend, with whom he lived when he committed the instant offense, would not sufficiently mitigate the danger that he poses to the community. Id.

Mirabal has now been a resident at the La Posada Halfway House for approximately four months. The Court understands that, during this time, Mirabal has been compliant with all of the conditions attached to his release, including attendance at counseling sessions and maintaining steady employment. Nevertheless, for reasons detailed below, the Court will deny his motion.

---

[1] The Court's citations to transcripts of hearings refer to the court reporter's original, unedited versions. Any final transcripts may contain slightly different page and/or line numbers.

**RELEVANT LAW REGARDING PRETRIAL DETENTION**

As the Court noted in its prior order on the issue of Mirabal's detention pending trial, 18 U.S.C. § 3142 governs the issue of detention. "A court generally cannot detain an accused unless there is no condition or combination of conditions that will reasonably assure the appearance of the person as required, and the safety of any other person and the community." Memorandum Opinion and Order at 3-4 (Doc. 46)(citing 18 U.S.C. § 3142(b)). The United States generally must establish that a defendant is dangerous by clear-and-convincing evidence, see 18 U.S.C. § 3142(f)(2)(B), or establish that the defendant is a flight risk by a preponderance of the evidence, see United States v. Cisneros, 328 F.3d 610, 612 (10th Cir. 2003).

**ANALYSIS**

The Court has already determined that Mirabal is not a flight risk, and neither party questions that decision. Mirabal argues only that his danger to the community would be sufficiently mitigated by his release to the third-party custody of his mother or his girlfriend. The United States disagrees.

**I. THE COURT CORRECTLY CONCLUDED THAT MIRABAL DOES NOT PRESENT A FLIGHT RISK.**

Mirabal rests on the Court's prior determination that he is not a flight risk. See Motion ¶ 2, at 1. The United States concedes that the Court correctly concluded that Mirabal does not present a flight risk. See Response at 2. The Court therefore finds that its prior determination that Mirabal is not a flight risk is still correct.

**II. THE COURT DOES NOT BELIEVE THAT MIRABAL'S DANGER TO THE COMMUNITY CAN BE MITIGATED WITH GIVING THIRD-PARTY CUSTODY TO HIS MOTHER OR TO THE HOME THAT HE SHARES WITH HIS LONG-TIME GIRLFRIEND.**

In its prior Memorandum Opinion and Order, the Court held that Mirabal's danger to the community could be mitigated with his placement at the La Posada Halfway House. Based on the

nature of the crime at issue, the Court is concerned that Mirabal remains a danger to the community. Specifically, the quantity of drugs involved in the underlying transaction suggests that Mirabal is a seasoned distributor of narcotics.

The Court is also concerned that, if it releases Mirabal without the current conditions, there is a significant possibility that he will resume his distribution activities. Mirabal suggests that any danger to the community could be mitigated by his placement into the third-party custody of his mother or of his long-time girlfriend. See Motion ¶ 5, at 2. Mirabal, however, committed the alleged offenses while living with his girlfriend. Moreover, he committed juvenile offenses while he was living with his mother. It is thus apparent that, at least in the past, neither his girlfriend nor his mother were able to keep his criminal conduct in check. It also came to light during the hearing that, if Mirabal were released to his mother's custody, his mother would only be able to supervise him for a few hours most days because Mirabal works a 12:00 p.m. to 7:00 p.m. shift and his mother goes to work at around 6:00 a.m. and works until 12:30 p.m. See Tr. at 7:15-8:3 (Court, Mirabal); id. at 9:22-10:7 (Encinias, Ms. Mirabal). Mirabal would thus be unsupervised for at least six hours every day. Accordingly, the Court concludes that releasing Mirabal from the La Posada Halfway House would be inconsistent with ensuring the safety of other persons and the community.

At the hearing, Mirabal indicated to the Court that his primary reason for wanting to be released from La Posada is that he is unable to see his children while he is there. While children can visit defendants housed at La Posada, Mirabal is concerned about his children being around people accused of sex crimes. Defendants at La Posada, however, can get four-hour passes on the weekends, during which Mirabal could meet his children at some other location -- e.g., a restaurant or shopping mall -- to spend time together. While his girlfriend works on weekends, his mother could bring the children to the meeting place. The Court recommends that Mirabal take advantage

of this feature of La Posada.

**IT IS ORDERED** that the Motion for Release from Custody is granted in part and denied in part.  The Court has reconsidered its previous order setting conditions of release.  The Court denies Defendant Anthony Mirabal's  request to modify the conditions of release.

                                                                                    _____
                                                                                    UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory J. Fouratt
  United States Attorney
John C. Anderson
  Assistant United States Attorney
Albuquerque, New Mexico

        *Attorneys for the Defendant*

Leon F. Encinias
Albuquerque, New Mexico

        *Attorney for the Defendant*